IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LIVE FACE ON WEB, LLC          :          CIVIL ACTION
                               :
          v.                   :
                               :
ISPEAKVIDEO.COM, et al.        :          NO. 11-4573

MEMORANDUM

Bartle, J.                                          May 22, 2012

Plaintiff Live Face On Web, LLC ("Live Face") brings this action against iSpeakVideo, Inc., Erik Kretschmar ("Kretschmar"), Christian Tsistanas ("Tsistanas"), iSpeakVideo, LLC, and Montgomery Byers, Jr. ("Byers"), among other defendants.[1] Plaintiff alleges trademark infringement under the Federal Trademark Act, violations of the Lanham Act including trademark dilution under 15 U.S.C. § 1125(c), cyberpiracy under 15 U.S.C. 1125(d), unfair competition, injury to business reputation and dilution under 54 Pa. Cons. Stat. Ann. § 1125, unjust enrichment, false advertising, fraud, "piercing the corporate veil," and civil conspiracy.

Before the court is the motion of the above-named defendants to dismiss all counts of the complaint for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of

_____

1.  The remaining defendants are iSpeakVideo.com, also known as iSpeak Interactive, Inc., and Lyle Holmes ("Holmes"), and John Does 1 through 10.  These defendants are not part of the present motion.

Civil Procedure.  The court permitted discovery limited to the
issue of its personal jurisdiction over these defendants.

                              I.

        When defendants move to dismiss a claim under Rule
12(b)(2), the plaintiff bears the burden of showing that personal
jurisdiction exists.  See Marten v. Godwin, 499 F.3d 290, 295-96
(3d Cir. 2007).  At this stage the plaintiff must establish only
"a prima facie case of personal jurisdiction" and is entitled to
have its allegations taken as true and all factual disputes drawn
in its favor.  Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97
(3d Cir. 2004).  Nonetheless, the plaintiff must allege "specific
facts" rather than vague or conclusory assertions.  Marten, 499
F.3d at 298.

                              II.

        The following facts are undisputed or are viewed in the
light most favorable to Live Face.  Live Face is a Pennsylvania
company with its principal place of business in Pennsylvania,
while iSpeakVideo, Inc. and iSpeakVideo, LLC are Florida
companies with their principal places of business in Florida.
Since January 2009, iSpeakVideo, Inc. has transacted no business.
At that time, it was converted to iSpeakVideo, LLC, and it is now
listed as "inactive" with the Florida Department of State's
Division of Corporations.  On or about April 11, 2011,
iSpeakVideo, LLC was sold to Holmes, a defendant in this action.
This sale included various tangible and intangible assets,
including the domain name www.ispeakvideo.com.

                             -2-

Live Face and iSpeakVideo, LLC are both in the business of providing a virtual "spokesperson" to be added to websites with the intent of increasing the quality of the websites. Although Live Face alleges a number of counts in its complaint, all of its claims rest on the alleged tortious conduct by the defendants of registering of the domain name www.lifefaceonweb.com, which is similar to plaintiff's trademark Live Face on Web.  The web address www.lifefaceonweb.com became active on November 11, 2008.  It was transferred to defendant Holmes on April 11, 2011, when Holmes bought iSpeakVideo, LLC. Between November 11, 2008 and April 11, 2011, anyone accessing www.lifefaceonweb.com was redirected to the website www.ispeakvideo.com.[2]  During this time, there were approximately 80 total visits to www.ispeakvideo.com as a result of people being redirected from www.lifefaceonweb.com.  Live Face did not produce evidence that any of these 80 visits were from Pennsylvania residents.  Nor did these visits, according to the record, generate any revenue for iSpeakVideo, Inc. or iSpeakVideo, LLC.

The defendants iSpeakVideo, Inc. and iSpeakVideo, LLC maintained www.ispeakvideo.com.  This website provided information only and did not allow for the purchase of products or services.  While it could be viewed by Pennsylvania customers,

---

2.  The record is not clear as to whether www.lifefaceonweb.com continued to exist and redirect viewers to www.ispeakvideo.com after the website was transferred to Holmes in the sale of iSpeakVideo, LLC.

a person viewing the website who was interested in obtaining products or services needed to contact iSpeakVideo, LLC directly. Since 2007, at least 52 of iSpeakVideo, LLC's approximately 2000 customers, that is 2.6%, were from Pennsylvania.  The defendants iSpeakVideo, Inc. and iSpeakVideo, LLC created and delivered at least 294 invoices for services provided to Pennsylvania customers since 2007 and generated at least $84,456 in sales to Pennsylvania customers during this time.  These two defendants also had at least ten Pennsylvania customers since 2007 for which they have provided monthly services.  These customers were billed on a monthly basis.  All of the services provided to these customers were conducted in Florida.

Neither iSpeakVideo, Inc. nor iSpeakVideo, LLC has ever been registered to transact business in Pennsylvania, nor does either have an office, employees, real estate, bank accounts, or subsidiaries in Pennsylvania.  No employee of iSpeakVideo, Inc. or iSpeakVideo, LLC has performed services in Pennsylvania related to the companies' business, and neither company placed advertisements in any media that specifically targeted Pennsylvania residents or businesses.  The only ways that these businesses have been marketed are through a Google advertising program, emails to businesses across the United States, trade shows in New York, San Francisco, Chicago, Orlando, and through a national publication.

Kretschmar, Tsistanas, and Byers were managers of iSpeakVideo, LLC until it was sold to Holmes but are no longer

-4-

involved in the business.  Kretschmar and Tsistanas are vice presidents of the inactive iSpeakVideo, Inc.  Kretschmar, Tsistanas, and Byers have never lived in Pennsylvania. Kretschmar has been a Massachusetts resident for two years and prior to that lived in Florida for over ten years.  Tsistanas has been a Florida resident for the past thirty years while Byers has been a Florida resident for over twenty years.

Kretschmar, Tsistanas, and Byers have never been to Pennsylvania for any reason related to iSpeakVideo, Inc. or iSpeakVideo, LLC.  None has had a telephone number, mailing address, or bank account in Pennsylvania, and none has rented or owned real estate in the Commonwealth.  Kretschmar has been in Pennsylvania once, in 2000 "for a business meeting on behalf of a former employee and totally unrelated to iSpeakVideo, Inc., iSpeakVideo, LLC, and this action."  Tsistanas has never been to Pennsylvania.  Byers has been to the Commonwealth twice, once on a trip to Chestnut Hill approximately ten years ago and the other time to a family wedding in 2010.  Neither occasion was related to iSpeakVideo, Inc., iSpeakVideo, LLC, or this action.

III.

A federal district court sitting in diversity may assert personal jurisdiction over a nonresident of the state in which the court sits only to the extent authorized by the law of that state.  Fed. R. Civ. P. 4(k)(1)(A).  Pennsylvania law provides for jurisdiction coextensive with that allowed by the

Due Process Clause of the Constitution.  42 Pa. Cons. Stat. Ann. § 5322(b).

Under the due process clause, we may exercise personal jurisdiction only over defendants who have "certain minimum contacts ... such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal quotation omitted).  A parallel inquiry is whether the defendants' contacts with the forum state are such that the defendants "should reasonably anticipate being haled into court there."  World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

A federal district court may exercise personal jurisdiction over nonresident defendants based on either general jurisdiction or specific jurisdiction.  "General jurisdiction exists when a defendant has maintained systematic and continuous contacts with the forum state."  Marten, 499 F.3d at 296 (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-15 nn.8-9 (1984)).  There is specific jurisdiction when the claim arises from or relates to conduct purposely directed at the forum state.  Id. (citing Hall, 466 U.S. at 414-15 nn.8-9).

Determinations of jurisdiction are generally claim specific.  See Remick v. Manfredy, 238 F.3d 248, 255 (3d Cir. 2001).  Here all the claims arise out of the same alleged tortious conduct and are of the same nature.  The analysis is thus the same for each claim.  Jurisdiction must also be

-6-

evaluated separately for each defendant.  See Carteret Sav. Bank, FA v. Shushan, 954 F.2d 141, 145 (3d Cir. 1992).  We will thus first address whether the court may exercise general or specific jurisdiction over the corporate defendants involved in the motion, that is iSpeakVideo, Inc. and iSpeakVideo, LLC.

General jurisdiction exists when a corporation (1) is incorporated in Pennsylvania or licensed as a foreign corporation in Pennsylvania, (2) consents to jurisdiction in Pennsylvania, or (3) carries on a "continuous and systematic part of its general business" in Pennsylvania.  42 Pa. Cons. Stat. Ann. § 5301(a)(2). Neither iSpeakVideo, Inc. nor iSpeakVideo, LLC is incorporated or licensed to do business in Pennsylvania, and neither has consented to jurisdiction here.  Accordingly, Live Face may only establish that general jurisdiction exists over the corporate defendants by showing that a continuous and systematic part of their businesses occurs in Pennsylvania.

The threshold required for a finding of general personal jurisdiction is very high.  See Compagnie des Bauxites de Guinea v. Ins. Co. of N.A., 651 F.2d 877, 890 & nn.1-2 (3d Cir. 1981).  Factors to consider in determining whether defendants have maintained systematic and continuous contacts include "the nature and quality of business contacts the defendant has initiated with the forum; direct sales in the forum; maintenance of a sales force in the state, [and] advertising targeted at the residents of the forum state."

-7-

<u>Automated Med. Prods. Corp. v. Int'l Hosp. Supply Corp.</u>, No. 97-2328, 1998 U.S. Dist. LEXIS 1231 (E.D. Pa. Jan. 29, 1998).

      Our Court of Appeals has not addressed what the relevant time period is in deciding whether defendants have systematic and continuous contacts with the forum state. However, other judges in our court have followed the Second Circuit's decision in <u>Metropolitan Life Insurance Co. v. Robertson-Ceco Corp.</u>, 84 F.3d 560, 569 (2d Cir. 1996). <u>See, e.g.</u>, <u>Pac. Emp'rs Ins. Co. v. AXA Belgium S.A.</u>, 785 F. Supp. 2d 457, 468 (E.D. Pa. 2011). In <u>Metropolitan Life</u>, the Second Circuit determined that "[d]istrict courts should examine a defendant's contacts with the forum state over a period that is reasonable under the circumstances—up to and including the date the suit was filed—to assess whether they satisfy the 'continuous and systematic' standard." 84 F.3d at 569.

      Live Face concedes that "the mere operation of a commercially interactive website" does not subject defendants to jurisdiction anywhere in the world. <u>Toys "R" Us, Inc. v. Step Two, S.A.</u>, 318 F.3d 446, 454 (3d Cir. 2003). Instead, Live Face contends that general jurisdiction exists because since 2007 iSpeakVideo, Inc. and iSpeakVideo, LLC contracted with at least 52 consumers from Pennsylvania to provide services for them, sent at least 294 invoices for services provided to Pennsylvania consumers, and generated at least $84,456 in sales to Pennsylvania consumers.

However, these contacts amounted to less than 3% of the total business of iSpeakVideo, Inc. and iSpeakVideo, LLC over at least a four-year period.  The percentage of income defendants derive from a forum does not control in a general jurisdiction analysis.  <u>Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n</u>, 819 F.2d 434 (3d Cir. 1987).  Nonetheless, these figures may be relevant.  Other judges in our court have found that when only 3% of the total business of a defendant is derived from Pennsylvania, that percentage is insufficient to constitute the required continuous or systematic contacts.  <u>See, e.g.</u>, <u>Romann v. Geissenberger Mfg. Corp.</u>, 865 F. Supp. 255, 261 (E.D. Pa. 1994).  We find that less than 3% of the defendants' total business is not a sufficiently substantial contact with Pennsylvania to establish general jurisdiction over iSpeakVideo, Inc. or iSpeakVideo, LLC.  Moreover, these companies have no other contacts with Pennsylvania.  As noted above, neither has ever had an office, a bank account, real estate, or any employees in Pennsylvania.  They have never placed advertisements anywhere that specifically target Pennsylvania consumers.  We conclude that the contacts of iSpeakVideo, Inc. and iSpeakVideo, LLC are not continuous or systematic, and thus we may not assert general jurisdiction over these corporations.

We will now turn to whether we may exercise specific jurisdiction over iSpeakVideo, Inc. and iSpeakVideo, LLC.  To determine whether specific jurisdiction exists, courts generally

engage in a three-part inquiry.  D'Jamoos v. Pilatus Aircraft
Ltd., 566 F.3d 94, 102-03 (3d Cir. 2009).

> First, the defendant must have purposefully
> directed [its] activities at the forum.
> Second, the litigation must arise out of or
> relate to at least one of those activities.
> And third, if the first two requirements have
> been met, a court may consider whether the
> exercise of jurisdiction otherwise comports
> with fair play and substantial justice.

Id. (internal quotations, alternations, and citations omitted).
This action does not arise out of any of the contacts discussed
above involving iSpeakVideo, Inc.'s and iSpeakVideo, LLC's
customers in Pennsylvania.

However, Live Face contends that specific jurisdiction
exists because the alleged tortious conduct occurred in
Pennsylvania since Live Face is a Pennsylvania resident and thus
suffered any harm in Pennsylvania.  Live Face's residence in the
Commonwealth is not sufficient to establish jurisdiction over
iSpeakVideo, Inc. and iSpeakVideo, LLC.  A plaintiff's residence
is the proper forum when it is also "the focus of the activities
of the defendant out of which the suit arises."  Keeton v.
Hustler Magazine, Inc., 465 U.S. 770, 780 (1984).  Here, the
focus of the alleged activities of the defendants was not in
Pennsylvania but in Florida, where most of the defendants were
located and where the principal places of business of the
defendant corporations were located.

The United States Supreme Court has determined that
defendants are subject to jurisdiction if they expressly aim

-10-

intentional, tortious conduct at the forum state.  See Calder v. Jones, 465 U.S. 783, 789-90 (1984).  All of plaintiffs' claims rest on the defendants' alleged tortious conduct of registering the website www.lifefaceonweb.com and keeping it active from November 11, 2008 to April 11, 2011.  Under Calder, a plaintiff may demonstrate specific personal jurisdiction where an intentional tort is alleged if it shows:

> (1) The defendant committed an intentional tort;
> (2) The plaintiff felt the brunt of the harm in the forum such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of that tort;
> (3) The defendant expressly aimed his tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity.

Marten v. Godwin, 499 F.3d 290, 297 (3d Cir. 2007) (citations omitted).  Under this test, specific jurisdiction may exist even where the defendants' contacts with the forum state would ordinarily not rise to the level required for due process.  Id. "Only if the 'expressly aimed' element of the effects test is met need we consider the other two elements."  Id.  This element is established if the plaintiff demonstrates that "the defendant knew that the plaintiff would suffer the brunt of the harm caused by the tortious conduct in the forum, and point[s] to specific activity indicating that the defendant expressly aimed its tortious conduct at the forum."  IMO Indus. v. Kiekert AG, 155 F.3d 254, 266 (3d Cir. 1998).

Our Court of Appeals has previously explained that the "expressly aimed" element is not satisfied merely by allegations that the plaintiff felt the bulk of the harm caused by an intentional tort in the forum state.  Marten, 499 F.3d at 298. In Marten, the plaintiff enrolled in an online program run by the University of Kansas while he was living and working in Pennsylvania.  Id. at 293.  The plaintiff filed a complaint for defamation and retaliation against the University of Kansas in the Eastern District of Pennsylvania.  Id. at 294.  Because the plaintiff lived in Pennsylvania, the court explained that it was possible that he felt the brunt of the harm of any defamation or retaliation in Pennsylvania.  Id. at 299.  However, the court also noted that "the web-based nature of the educational program makes it difficult to determine the earth-bound location of that harm."  Id. at n.4.  Nevertheless, the court explained that even if the brunt of the harm was felt in Pennsylvania, "Calder requires more than a finding that the harm caused by the defendant's intentional tort is primarily felt within the forum." Id. (citations omitted).  The Calder test requires that the "defendants knew that the plaintiff would suffer the harm [in the forum state] and ... aimed their tortious conduct at that state." Id. at 299 (emphasis in original) (citations omitted).

The "expressly aimed" element of the effects test is thus not satisfied here.  Live Face has not produced evidence that any of the defendants knew that it would suffer the brunt of the harm caused by the registration of the website

-12-

www.lifefaceonweb.com in Pennsylvania.  Live Face has not even produced evidence that any of the defendants knew that Live Face's principal place of business was in Pennsylvania.  Finally, Live Face produced no evidence that anyone in Pennsylvania ever visited www.lifefaceonweb.com.  Accordingly, Live Face has not pointed to any specific activity indicating that any of the defendants expressly aimed their tortious conduct at Pennsylvania.  We therefore may not exercise specific jurisdiction over iSpeakVideo, Inc. or iSpeakVideo, LLC.

We now turn to whether general or specific jurisdiction exists over the individual defendants involved in this motion, that is Kretschmar, Tsistanas, and Byers.  To the extent these individuals were acting on behalf of the corporations, we may not assert personal jurisdiction over them since we do not have personal jurisdiction over iSpeakVideo, Inc. or iSpeakVideo, LLC. As for their personal capacities, none of these defendants is alleged to have been to Pennsylvania more than twice in their lives.  Nor are they personally alleged to make any regular contact with Pennsylvania residents, let alone systematic or continuous contact.  We find that general jurisdiction does not exist over Kretschmar, Tsistana, or Byers.

As for specific jurisdiction, the analysis is the same as it was for iSpeakVideo, Inc. and iSpeakVideo, LLC.  We must look to whether any of the individual defendants "expressly aimed" his alleged tortious conduct at Pennsylvania.  As with the corporate defendants, Live Face has not presented any evidence to

-13-

this effect with regard to the individual defendants.  There is
no evidence that Kretschmar, Tsistanas, or Byers knew that Live
Face would suffer the brunt of the harm caused by the
registration of the website www.lifefaceonweb.com in
Pennsylvania, and Live Face has not pointed to any specific
activity indicating that Kretschmar, Tsistana, or Byers expressly
aimed their tortious conduct at Pennsylvania.  For these reasons,
specific jurisdiction also does not exist over these defendants.

      Accordingly, we will grant the motion of defendants
iSpeakVideo, Inc., Kretschmar, Tsistanas, iSpeakVideo, LLC, and
Byers to dismiss the complaint for lack of personal jurisdiction
under Rule 12(b)(2) of the Federal Rules of Civil Procedure.